IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROXY APPLEGATE,<br><br>        Plaintiff,<br><br>   v.<br><br>WEST HILLS CONVALESCENT<br>CENTER, LIMITED PARTNERSHIP,<br>and WEST HILLS CONVALESCENT<br>CENTER, LIMITED PARTNERSHIP<br>d/b/a/ WEST HILLS CONVALESCENT<br>CENTER,<br><br>        Defendants. | No. CV-04-715-HU<br><br>FINDINGS & RECOMMENDATION |

Tom Steenson
Beth Creighton
STEENSON, SCHUMANN, TEWKSBURY,
CREIGHTON, & ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204

    Attorneys for Plaintiff

/ / /

/ / /

/ / /

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

George J. Cooper
Renee R. Stineman
DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204

Kevin R. Coan
PARSINEN KAPLAN ROSBERG & GOTLIEB, P.A.
100 South Fifth Street, Suite 1100
Minneapolis, Minnesota 55402

    Attorneys for Defendants

HUBEL, Magistrate Judge:

    Plaintiff Roxy Applegate brings this Title VII action against her former employer, West Hills Convalescent Center.[1] Plaintiff moves to amend her Complaint to add a new defendant, Sage Company. I recommend that the motion be granted.

## BACKGROUND

    Plaintiff filed her Complaint on May 26, 2004. On that date, the Court issued an initial pretrial scheduling order which set, among other dates, a September 23, 2004 date for filing all pleadings, joining all claims and parties, and completing discovery. (Docket #2).

    I conducted an initial Rule 16 conference on September 16, 2004. Neither party filed a formal motion to extend any deadlines before that conference. However, in response to an inquiry by the Court about the time required to complete discovery, the parties indicated they needed approximately ninety more days. The issue of

---

[1] Although the Complaint suggests that there are two separate entities named as plaintiffs ("West Hills Convalescent Center, Limited Partnership," and "West Hills Convalescent Center, Limited Partnership d/b/a/ West Hills Convalescent Center,"), the parties appear to treat these two defendants as a single entity. I will therefore refer to one defendant, West Hills Convalescent Center.

2 - FINDINGS & RECOMMENDATION

extending the deadline for amendment of pleadings or joinder of parties was not discussed. I extended the fact discovery deadline to January 10, 2005.

On December 8, 2004, plaintiff moved to extend the discovery deadline for approximately another sixty days, to March 18, 2005. Defendant did not oppose the motion. The motion did not mention the deadline to amend pleadings or join parties or claims. On January 12, 2005, I conducted a hearing on the motion. The pleading amendment and joinder deadline was not discussed. I granted the motion and extended fact discovery to March 18, 2005.

Depositions in the case took place in January 2005 and continued into early March 2005. Plaintiff filed the motion to amend to add Sage Company on March 2, 2005.

STANDARDS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The court should apply the rule's "policy of favoring amendments with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted). In determining whether to grant a motion to amend, the court should consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and prior amendments to the complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355-56 (9th Cir. 1996). Delay, by itself, will not justify denying leave to amend. DCD Programs, 833 F.2d at 186.

DISCUSSION

I. Appropriate Standard

Defendant, relying on Johnson v. Mammoth Recreations, Inc.,

3 - FINDINGS & RECOMMENDATION

975 F.2d 604 (9th Cir. 1992), contends that the motion should be reviewed under the "good cause" standard of Federal Rule of Civil Procedure 16(b), rather than the standards governing amendment of pleadings under Rule 15(a). Johnson held that the good cause standard in Rule 16(b), and not the more liberal standard of Rule 15(a), applies when a party seeks to join an additional defendant after the deadline set by the district court for joinder of parties. Id. at 608-09.

While defendant's argument is consistent with Johnson's holding, I reject its application in this case. This Court's initial pretrial scheduling order, issued by the Clerk's Office upon filing the case, ties the deadline for amendment and joinder to the discovery deadline. Without a separate discussion of that date at the September 16, 2004 Rule 16 conference, or again at the January 12, 2005 motion hearing on plaintiff's unopposed motion to extend the discovery and dispositive motion deadlines, I consider the joinder and amendment deadline to have moved along with the discovery deadline. Thus, the March 2, 2005 motion to amend was filed before the March 18, 2005 discovery deadline which I interpret to be the deadline for amendment of pleadings and joinder of claims and parties. As such, the appropriate standard for analyzing plaintiff's motion to amend is Rule 15(a) and not Rule 16(b).

II. Rule 15(a)

Defendant is a skilled nursing facility. The parties agree that Sage Company is a management company hired by defendant to run its operations in many respects. Plaintiff seeks to add Sage Company as a defendant because plaintiff contends that Sage Company

4 - FINDINGS & RECOMMENDATION

is either an indirect or joint employer of plaintiff for purposes of her Title VII claim. See Equal Employment Oppty Comm'n v. Pacific Maritime Ass'n, 351 F.3d 1270, 1274-76 (9th Cir. 2003) (discussing standards for indirect and joint employers in Title VII cases), reh'g en banc granted, 367 F.3d 1167 (9th Cir. 2004).

While there is evidence in the record suggesting that plaintiff knew of Sage Company's existence even before this action was filed[2], plaintiff asserts that she was unaware of the extent of Sage Company's control of defendant's operations and the fact that it was Sage Company that actually terminated her employment, until the depositions in the case were taken.

Defendant's primary argument in opposition to the motion is that it is untimely. As noted above, delay, by itself, is not a sufficient basis for denying a motion to amend. Moreover, I accept plaintiff's counsel's representation that he did not believe he had a basis for asserting a joint or indirect employer argument against Sage Company until after the depositions. Thus, I do not find the motion untimely.

There is no evidence of bad faith and defendant does not raise a futility argument. Defendant suggests that Sage Company might be prejudiced by being added at this stage in the case. However, defendant's counsel stated on the record during an April 13, 2005 hearing on a motion to compel at which this motion to amend was also discussed, that he would be Sage Company's counsel if Sage

---

[2] The offer of employment letter sent to plaintiff was on Sage Company letterhead. An August 2004 Request for Production of Documents by plaintiff to defendant sought certain Sage Company documents.

5 - FINDINGS & RECOMMENDATION

Company were added to this case. It is clear that Sage Company has known of the litigation from the start. Some of the documents defendant has produced in the case have actually been in Sage Company's possession. Given Sage Company's knowledge and the fact that current defense counsel will be representing Sage Company, I find defendant's prejudice argument unpersuasive.

There being no delay or prejudice, it is appropriate to allow plaintiff to amend her Complaint to add Sage Company as a defendant.

## CONCLUSION

I recommend that plaintiff's motion to amend (#27) be granted.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 11, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due May 25, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this  26th  day of  April , 2005.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

6 - FINDINGS & RECOMMENDATION